FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

OCT 30 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LESTER SELANDER,

                Plaintiff,

v.

EIGHTH JUDICIAL DISTRICT COURT, et. al.,

                Defendants.

3:18-cv-00092-MMD-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

       This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Lester Selander's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1). Having reviewed the record, the court recommends Plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed with prejudice.

**I.**     ***IN FORMA PAUPERIS* APPLICATION**

       Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Pursuant to section 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L.Ed. 43 (1948); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Based on the financial information provided in Plaintiff's application to proceed *in forma pauperis*, the court finds that Plaintiff is unable to pay the filing fee in this matter. (*See* ECF No. 1.) The court therefore recommends that Plaintiff's application to proceed *in forma pauperis* be granted.

## II.   LEGAL STANDARD

Notwithstanding the paying of any filing fee, section 1915 also provides, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, the *pro se* plaintiff should be given leave to amend the complaint, and some notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. DISCUSSION

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 1-1.) Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, Plaintiff brings civil rights claims against the Eighth Judicial District Court of the State of Nevada, ex. rel. Clark County, ("Eighth Judicial District Court"), Clark County Deputy District Attorney James Sweetin (DDA Sweetin), Judge Douglas Smith ("Judge Smith") of the Eighth Judicial District Court, Nevada Governor Brian Sandoval, and Nevada Attorney General Adam Laxalt. (*Id.*)

Plaintiff alleges multiple constitutional violations in Counts I through III against the above Defendants. (*Id.* at 3-13.) In Count I, he alleges a violation of due process and retaliation in violation of the First Amendment, and a violation of his right to access the courts. (*Id.* at 4-5.) In Count II, he alleges a violation of his right to due process and equal protection under the Fourteenth Amendment. (*Id.* at 6-7.) In Count III, he alleges a violation of his First Amendment right to freedom of speech and expression. (*Id.* at 10-13.) Plaintiff seeks compensatory and punitive damages as well as injunctive and declaratory relief. (*Id.* at 14.)

However, Plaintiff's complaint should be dismissed because liability under section 1983 cannot be maintained against any of the named Defendants.

### A. Eighth Judicial District Court

First, the court should dismiss any claim Plaintiff may have against the Eighth Judicial District Court. Section 1983 "provides a federal cause of action against any *person* who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290, 119 S.Ct. 1291, 143 L.Ed.2d 399 (1999) (emphasis added). A state is not a person for purpose of section 1983. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Consequently, courts must dismiss section 1983 claims brought against "[s]tates and governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491

U.S. at 70; see *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (Arizona's waiver of sovereign immunity held ineffective because section 1983 "creates no remedy against a State.") In contrast, municipalities and other local governmental units are persons amenable to suit under section 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The Nevada's Eighth Judicial District Court is considered to be part of the state judicial branch, as opposed to the local government of the city or county in which it sits, and is therefore an "arm" of the State of Nevada for purposes of section 1983. NEV. CONST. art. 6, § 1; see *Messaad v. Reno Justice Court*, 3:15-cv-00529-MMD-VPC, 2016 U.S. Dist. LEXIS 117307, 2016 WL 4579129, at *2 (D. Dev. Mar. 31, 2016) (Reno Justice Court is free from section 1983 liability as an arm of State of Nevada); see also *Myers v. 8th Judicial Dist. Court*, 2:12-cv-01035-MMD-CWH, 2012 U.S. Dist. LEXIS 188024, 2012 WL 8024263 (D. Dev. Dec. 3, 2012). Because the Eighth Judicial District Court is an arm of the state, the court recommends Plaintiff's claims against it be dismissed.

**B.   Judge Smith**

Next, any claims against Judge Smith should also be dismissed because he is entitled to absolute judicial immunity. It is well-established that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). The scope of judicial immunity is broadly construed so as to promote the underlying goal of independent and disinterested judicial decision-making. *Id.* at 1078. As such, judicial immunity applies no matter "how erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff," and is unaffected by motive or intent. *Id.* at 1075, 1078 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985)); see also *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978).

Judicial immunity is subject to two qualifications. "First, the immunity covers only those acts which are 'judicial in nature.'" *O'neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (quoting *Stump*, 435 U.S. at 360-64). Second, a judge may be held liable when he or she "acted in the 'clear absence of all jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 356-57). Neither circumstance is present here. Plaintiff accuses Judge Smith of issuing an order revoking his good-time/stat time in furtherance of Defendant Sweetin's retaliatory actions against him, and of conspiring to "overthrow state law" by "form[ing] a meeting of the minds" to use the State judiciary to deprive Plaintiff of his statutory rights. (ECF No. 1-1 at 4-13.) Plaintiff does not contend that Judge Smith lacked jurisdiction over his case, and it is clear that Judge Smith's revocation order is an action that is "judicial in nature." *O'neil*, 642 F.2d at 369. Even assuming Plaintiff's allegations regarding the revocation motion and general conspiracy are correct, as the court must at the screening stage, Judge Smith is entitled to absolute immunity from Plaintiff's claims for damages. *See Meek v. County of Riverside*, 183 F.3d 962, 965-66 (9th Cir. 1999) (judges retain their immunity when they are accused of acting maliciously, corruptly, or in error).

To the extent Plaintiff's claims against Judge Smith request injunctive relief, these claims also fail. In 1996, Congress amended section 1983 to prohibit the grant of injunctive relief against judges for acts or omissions taken in their judicial capacities unless a declaratory decree was violated or was unavailable. 42 U.S.C. § 1983 (2012); *see* Federal Courts Improvement Act of 1996 ("FCIA"), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (Oct. 19, 1996).

Plaintiff does not allege that Judge Smith violated a declaratory decree or declaratory relief was unavailable to him. The court thus finds the broad doctrine of absolute judicial immunity bars Plaintiff's claims for injunctive relief against Judge Smith. *See Imbler v. Pachtman*, 424 U.S. 409, 419 n.13, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ("An absolute immunity defeats a suit at the outset, so long as the official's actions were

within the scope of immunity."). Accordingly, the court recommends that the claims against Judge Smith also be dismissed.

### C. DDA Sweetin

DDA Sweetin, like Judge Smith, is also immune from suit in this case. Prosecutors are also entitled to immunity from section 1983 suits "when [they] act within the scope of [their] prosecutorial duties." *Imbler*, 424 U.S. at 420. In order to maintain a section 1983 claim against a prosecuting attorney, there must be proof that the prosecutor "acted outside of [his] prosecutorial function to the injury of the plaintiff." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 777 (9th Cir. 2001).

Here, Plaintiff seeks compensatory and injunctive relief for alleged civil rights violations committed by DDA Sweetin based on assertions DDA Sweetin conspired with the other Defendants to deny Plaintiff of his civil rights (ECF No. 1-1 at 4-13.) However, each of the actions identified by Plaintiff's complaint relate to actions taken by DDA Sweetin within the scope of his prosecutorial duties.

Specifically, Plaintiff claims DDA Sweetin filed a motion to take all of Plaintiff's good-time/stat time in retaliation for Plaintiff's attempt to exercise his civil rights. (*Id.*) DDA Sweetin's action in filing a motion in opposition to Plaintiff's motion for reconsideration and subsequent motion to refer Plaintiff to the department of corrections for forfeiture of statutory credits was prosecutorial in nature. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *see also* (ECF No. 1-1 at 20.) Filing motions in criminal cases is within the prosecutorial function. See Plaintiff's claims against DDA Sweetin are related to acts taken by DDA Sweetin pursuant to his function as prosecuting attorney. Therefore, he is immune from suit and the court recommends that the claims against DDA Sweetin be dismissed.

### D. Defendants Sandoval and Laxalt

Any remaining claims against Defendants Sandoval and Laxalt should also be dismissed. When a plaintiff brings an action against a government official in his official capacity, they "must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Maxwell v. City of San Diego*, 708 F.3d 1075, 1097 (9th Cir. 2013) ("[T]here is no respondeat superior liability under § 1983. Rather, a government official may be held liable only for the official's own conduct."). There is no respondeat superior or vicarious liability for supervisors in a section 1983 action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

In this case, there are no allegations in the complaint identifying any specific actions taken by Defendants Sandoval or Laxalt related to Plaintiff or his case. To the contrary, a careful reading of Plaintiff's complaint reveals that his claims are premised primarily upon the actions taken by DDA Sweetin and Judge Smith. (*See* ECF No. 1-1).

To the extent that Plaintiff's complaint does identify any specific acts taken by Defendants Sandoval and Laxalt, these assertions are centered upon Plaintiff's claims that Defendants Sandoval and Laxalt adopted unconstitutional parole policies as part of their positions on the parole board. (*Id* at 10-13.) Plaintiff appears to assert that these "policies" resulted in his probation being improperly revoked. However, these assertions fail to support liability against Defendants Sandoval or Laxalt.

First, Plaintiff fails to appreciate the difference between probation and parole. The basic distinction between parole and probation is that the term of probation has no correlation to the underlying criminal sentence, while parole is directly tied to it. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 13-16, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In Nevada, the parole board is governed by NRS 213.10885 and 213.1099, giving it power over parole procedures, policies, and hearings. However, the parole board does not make policies related to the imposition or revocation of *probation* – which is separate and distinct from parole. Thus, even if Defendants Sandoval and Laxalt participated in the creation of policies related to *parole* in the State of Nevada, these actions had no relationship to the implementation of policies related to *probation* implemented by Clark County.

7

Moreover, to the extent Plaintiff attempts to bring a claim against Defendants Sandoval and Laxalt for improper probation revocation, he is barred from making such a claim under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, if the determination of an issue in a plaintiff's favor would imply the invalidity of a conviction or sentence, it is not cognizable as the basis of any later civil action, including under section 1983, except in the nature of habeas corpus. The *Heck* rule applies not only to criminal convictions and sentences, but also to prison disciplinary hearings resulting in the loss of good time credits, as here. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). Plaintiff admits to having sought habeas relief for this matter, and that the court subsequently denied his complaint. (ECF No. 1-1 at 10-11.) As the Defendants cannot be held liable for the actions of the district attorney and all other claims are *Heck*-barred, the court recommends that all claims against Defendants Sandoval and Laxalt be dismissed.

## IV. CONCLUSION

Consistent with the foregoing, the court finds that dismissal of Plaintiff's complaint is warranted under 28 U.S.C. 1915(e)(2)(B)(ii). Because amendment would be futile, the dismissal should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

IT IS FURTHER RECOMMENDED that the complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE.**

DATED: 10/30/2018

_____
UNITED STATES MAGISTRATE JUDGE

9